# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GEORGE CHESTER ARTHUR,

Petitioner,

v.

WARDEN NEVEN, et al.,

Respondents.

Case No. 2:14-cv-02083-RFB-CWH

**ORDER**

Before the Court are the first amended petition (ECF No. 28), Respondents' amended motion to dismiss (ECF No. 52),[1] Petitioner's opposition (ECF No. 53), and Respondents' reply (ECF No. 54). The Court grants the motion in part and reserves ruling on the motion in part.

Respondents first argue that petitioner has not exhausted his state-court remedies for ground 2.3 of the first amended petition. Petitioner agrees. ECF No. 53, at 1-2. The Court will dismiss ground 2.3.

Respondents next argue that Petitioner has procedurally defaulted ground 10. Ground 10 is a claim that the prosecution improperly shifted the burden of proof when it argued to the jury that petitioner had the burden of proving self-defense. Petitioner did not present this claim to the Nevada Supreme Court on direct appeal. Petitioner raised this claim for the first time in his state post-conviction habeas corpus petition. The Nevada Supreme Court held that Nev. Rev. Stat. § 34.810(1)(b) barred the claim because Petitioner could have raised the claim on direct appeal. Ex. 110, at 6-7 & n.2 (ECF No. 33-17, at 7-8). Petitioner argues that he can demonstrate good cause and prejudice to excuse the procedural default because counsel on direct appeal provided

---

[1] The original motion to dismiss (ECF No. 51) still is pending on the Court's docket. The Court will deny that motion as moot.

ineffective assistance by not raising the claim on direct appeal. ECF No. 53, at 2-5. In ground 11 of the first amended petition, Petitioner claims that appellate counsel provided ineffective assistance because counsel did not raise on direct appeal the claim "that the state impermissibly shifted the burden of proof when it told the jury that Arthur bore the burden of proving self-defense," among other claims. ECF No. 28, at 61. Respondents note that the question of cause-and-prejudice to excuse ground 10 merges into a determination of the merits of that part of ground 11. ECF No. 54, at 2. Respondents ask the Court to consider both together in the answer. Id. The Court will defer ruling upon the procedural default of ground 10 until the parties have briefed the merits.

IT THEREFORE IS ORDERED that Respondents' original motion to dismiss (ECF No. 51) is **DENIED** as moot.

IT FURTHER IS ORDERED that Respondents' amended motion to dismiss (ECF No. 52) is **GRANTED** in part. Ground 2.3 of the first amended petition is **DISMISSED** for lack of exhaustion. The Court defers ruling upon the procedural default of ground 10 until briefing on the merits is complete.

IT FURTHER IS ORDERED that Respondents shall have forty-five (45) days from the date of entry of this order to file and serve an answer, which shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

DATED: December 11, 2018.

_____
RICHARD F. BOULWARE, II
United States District Judge